**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| MAUDE YOUNG, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 11-1041 (ABJ) |
| DISTRICT OF COLUMBIA, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Plaintiffs Maude Young and Cynthia Debnam, acting on behalf of child "L.Y.," filed this action against defendant District of Columbia seeking to collect attorneys' fees that they incurred bringing a successful administrative action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. Plaintiffs also seek to obtain a declaration that the 2006 District of Columbia Public Schools ("DCPS") Guidelines for the Payment of Attorneys' Fees in IDEA Matters ("DCPS Fee Guidelines") are unlawful. Plaintiffs have moved for summary judgment. [Dkt. # 12]. The Court referred the motion to a Magistrate Judge for preparation of a report and recommendation pursuant to Fed. R. Civ. P. 72(b)(1) and Local R. Civ. P. 72.3(a). [Dkt. # 15]. The Magistrate Judge subsequently issued a Report and Recommendation ("Report"), recommending that the Court grant in part and deny in part plaintiffs' motion. [Dkt. # 18]. The Report concluded that this Court has no basis upon which to declare the DCPS Fee Guidelines invalid. *Id.* It also concluded that plaintiffs were entitled to attorneys' fees for all of

the hours claimed at an hourly rate equal to 25% of the applicable *Laffey* Matrix rate,[1] and that plaintiffs were entitled to $5.55 for costs.  *Id.*  Both parties filed objections to the Report.  [Dkt. # 20, 21].

After careful review of the Report, both parties' objections, and the portions of the Administrative Record that have been filed with the Court, the Court will adopt the Report to the extent that it recommends denying plaintiffs' request for a declaration that the DCPS Fee Guidelines are unlawful, and awarding costs in the amount of $5.55.  However, it will reject the Report's conclusion that plaintiffs' attorneys should be compensated at a rate discounted from the full rates that plaintiffs request.  It will also reject the Magistrate Judge's conclusion that plaintiffs should be awarded fees for all of the hours billed by their attorneys.  In sum, the Court will award attorneys' fees at the rates requested by plaintiffs for all of the time billed by attorneys Alana Hecht and Roxanne Neloms, except for 2.17 hours of Ms. Hecht's time.  It will also reward $5.55 in costs.

### I.  BACKGROUND

Plaintiffs, the parent of a student enrolled in a District of Columbia Public School and the student's educational advocate, filed a due process complaint with DCPS alleging that defendant denied the student access to a free appropriate public education as required under the IDEA.  Ex. D to Pls.' Mot. for Summ. J. ("Pls.' Mot.") [Dkt. # 12].  Prehearing conferences were held in that case on September 14, 2010, and on October 6, 2010.  Ex. G. to Pls.' Mot. at 2.  On October 21, 2010, plaintiffs filed a motion for partial summary judgment, which was granted in part by the

---

1   The *Laffey* Matrix is "a schedule of charges based on years of experience, developed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *rev'd on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021." *Covington*, 57 F.3d 1101, 1105 (D.C. Cir. 1995).  It is periodically updated by the United States Attorney's Office for the District of Columbia, and the current version is available at http://www.justice.gov/usao/dc/divisions/civil_Laffey_Matrix_2003-2012.pdf ("*Laffey* Matrix").

Hearing Officer. *Id.* On November 4, 2010, the Hearing Officer conducted an administrative hearing on the remaining issues. *Id.* at 1–2. In preparation for the hearing, plaintiffs disclosed and offered into evidence twenty-eight documents. *Id.* at 3–4. Defendants disclosed twenty-three documents and offered twenty-two documents into evidence. *Id.* at 4. At the hearing, which lasted approximately six hours, Report at 12, plaintiffs put on five witnesses, including one expert witness, and defendant put on one witness, Ex. G to Pls.' Mot. at 2–3. On November 30, 2010, the Hearing Officer issued a decision in plaintiffs' favor. Ex. G to Pls.' Mot. at 13–14.

Following the decision, plaintiffs' attorneys submitted an invoice to DCPS for reimbursement of attorneys' fees and other costs.[2] Ex. H to Pls.' Mot. The invoice claimed 68.75 hours of services rendered by attorney Alana Hecht,[3] and 1.5 hours of services rendered by attorney Roxanne D. Neloms. Ex. H to Pls.' Mot. Both attorneys are members of a firm that focuses primarily on special education litigation, and both have experience litigating special education cases in the District of Columbia. Hecht Decl., Ex. A to Pls.' Mot. ¶¶ 8–10; Neloms Decl., Ex. B to Pls.' Mot. at ¶¶ 5, 9. For the services of Ms. Hecht, who was admitted to the District of Columbia and Florida bars in 2005 and 2006, respectively, Hecht Decl. ¶ 7, plaintiffs

---

2   Plaintiffs also sought reimbursement of facsimile costs of $37, calculated at a rate of $1 per page. Ex. H to Pl's Mot. The Magistrate Judge granted plaintiffs those costs, but reduced the reimbursement rate to $.15 per page, for a total of $5.55. Report at 14–15. Neither party objects to this finding, so the Court will adopt it and find that plaintiffs are entitled to reimbursement of $5.55 in facsimile costs.

3   Although the Report identifies the number of hours claimed for Ms. Hecht as 65.55 hours, Report at 3, plaintiffs' filings indicate that they claimed 68.75 hours for Ms. Hecht's services, *see* Am. Compl. ¶¶ 37, 57; Ex. H to Pls.' Mot. Moreover, the 68.75 number is equal to the total amount of money plaintiffs requested ($18,562.50) divided by the rate plaintiffs requested for Ms. Hecht's services ($270). Pls.' Mem. of Points and Authorities in Support of Summ. J. ("Pls.' Mem.") at 16; Am. Compl. ¶¶ 32, 37.

sought reimbursement at a rate of $270 per hour.[4] Ex. H to Pls.' Mot.; Am. Compl. ¶ 32. For the services of Ms. Neloms, who was admitted to the D.C. bar in 2002, Ex. B to Pls.' Mot. ¶ 3, plaintiffs sought a rate of $330 per hour,[5] Pls.' SMF ¶ 25; Ex. H to Pls.' Mot. In total, the amount in fees sought for Ms. Hecht's services was $18,562.50 and the amount sought for Ms. Neloms's services was $495. Pls.' SMF ¶¶ 23, 27; *accord* Def.'s Response to Pls.' SMF ("Def.'s SMF") [Dkt. # 13-2] ¶¶ 23, 27; *see also* Ex. H to Pls.' Mot.

Defendant District of Columbia ("D.C.") reimbursed plaintiffs for the claimed attorneys' fees, but at the lower rates reflected in the DCPS Fee Guidelines. It reimbursed Ms. Hecht at a

---

4     The Report states that plaintiffs sought reimbursement for Ms. Hecht's services at a rate of $275 per hour, Report at 3, presumably because plaintiffs' summary judgment motion states that it sought reimbursement at that rate, Pls.' Mot. Summ. J. at 16; Pls.' Statement of Material Facts that Are Not in Dispute ("Pls.' SMF") [Dkt. # 12] ¶ 21, and because that is the appropriate *Laffey* rate for 2010-2011 – the date range within which Ms. Hecht rendered her services, *Laffey* Matrix. However, plaintiffs' invoice to defendant and the amended complaint in this case request only $270 per hour for Ms. Hecht's services. Ex. H to Pls.' Mot.; Am. Compl. ¶ 32. Moreover, the total fees sought for Ms. Hecht's services – $18.562.50 – has remained the same throughout plaintiffs' filings, including their motion for summary judgment, and that total reflects the $270 per hour rate. *See* Pls.' SMF ¶¶ 23, 27. The Court will not grant plaintiffs an amount of relief greater than the amount they requested in the amended complaint, so it will only award an amount of $270 per hour for Ms. Hecht's services.

5     Although the invoice reveals that Ms. Neloms's work was done on August 31, 2010, which falls under the 2010-2011 *Laffey* rate of $335 per hour, plaintiffs sought only the 2009-2010 *Laffey* rate of $330 per hour. Am. Compl. ¶ 51. The Court will not grant plaintiffs an amount of relief greater than the amount they requested in the amended complaint, so it will only award an amount of $330 per hour for Ms. Neloms's services.

4

rate of $135 per hour and Ms. Neloms at $225 per hour,[6] for a total of $9,281.25 and $337.50, respectively. Pls.' SMF ¶¶ 23, 27; *accord* Def.'s SMF ¶¶ 23, 27; *see also* Ex. H to Pls.' Mot. In total, D.C. approved and paid a total of $9,618.75 in attorneys' fees – $9,438.75 less than the total amount sought by plaintiffs. Pls.' SMF ¶¶ 23, 27; *accord* Def.'s SMF ¶¶ 23, 27; *see also* Ex. H to Pls.' Mot.

On June 14, 2011, plaintiffs filed an amended complaint in this Court seeking payment of the remaining attorneys' fees and costs incurred, and a declaration that application of the DCPS Fee Guidelines is unlawful. [Dkt. # 4]. On October 3, 2011, plaintiffs moved for summary judgment.[7] [Dkt. # 12]. On January 19, 2012, this Court referred the motion to a Magistrate Judge for preparation of a report and recommendation pursuant to Fed. R. Civ. P. 72(b)(1) and Local R. Civ. P. 72.3(a). [Dkt. # 15].

On July 3, 2012, the Magistrate Judge issued a report recommending that the Court grant in part and deny in part plaintiffs' motion for summary judgment. [Dkt. # 18]. Citing *Rooths v. District of Columbia*, 802 F. Supp. 2d 56, 63 (D.D.C. 2011), the Magistrate Judge found that the

---

6   Plaintiffs suggest that the $225 paid for Ms. Neloms's services does not even comport with the DCPS Fee Guidelines that defendant purports to have applied. *See* Pls.' Mem. at 16–17. Plaintiffs argue that DCPS's "own guidelines warrant $275 per hour" for an attorney with Ms. Neloms's experience. *Id.* at 17. This argument does not affect the Court's analysis for two reasons. First, the Court finds that the *Laffey* Matrix rates apply in this case, not the Guidelines. Second, even if the Guidelines were relevant, plaintiffs have not shown that a $225 reimbursement rate for Ms. Neloms is insufficient under the Guidelines. The Guidelines only provide that an attorney who has been admitted to the bar for more than eight years, like Ms. Neloms, is eligible for reimbursement at a rate of $200 to $275 per hour and that the rate applied will take into consideration the attorney's experience, skill and/or reputation, prevailing market rates, and the complexity of the issues raised in the case. Ex. O to Pls.' Mot. ¶ 4. The $225 rate paid by DCPS falls within that range and plaintiffs have not shown that it is at odds with the Guidelines.

7   Defendant objects to the Report to the extent that it awards plaintiffs "fees on fees," Def.'s Objections at 2, but this Court finds that the Report does not recommend the award of such fees, so it need not address defendant's objection.

*Laffey* Matrix should be used to determine the rates for the attorneys' services, but that those rates should be reduced by 25% "to account for the relative brevity and lack of complexity of the underlying proceedings." Report at 12. The Report concluded that the total number of hours claimed by plaintiffs was reasonable, including 3.17 hours claimed for a September 14, 2010 settlement conference that were contested by defendant. *Id.* at 13. As to plaintiffs' request that the DCPS Fee Guidelines be declared invalid, the Magistrate Judge determined that the Court has no basis upon which to make such a declaration because plaintiffs' action was commenced under the IDEA and that statute "does not provide a vehicle for determination of the validity or invalidity of the DCPS Fee Guidelines[.]" *Id.* at 11.

The parties on both sides have filed objections to the Report. Pls.' Objections to the Magistrate Judge's July 3, 2012 Report and Recommendations ("Pls.' Objections") [Dkt. # 21]; Def.'s Objections to the Magistrate's Report and Recommendation ("Def.'s Objections") [Dkt. # 22]. Defendant objects to the inclusion of fees for 3.7 hours of Ms. Hecht's time, which it attributes to her participation in the September 2010 settlement conference. Plaintiffs object to any reduction of the hourly rates for the attorneys in this case from the *Laffey* standards. They also reiterate their concerns about the DCPS rates in general, but they do not specifically object to the Magistrate Judge's finding that the IDEA does not provide this Court with an avenue to review the validity of that pay scale.

## II.   LEGAL STANDARD

When a party objects to a magistrate judge's recommended disposition, the Court reviews *de novo* the portion of the recommendation that has been objected to. Fed. R. Civ. P. 72(b)(3); *see, e.g.*, *Smith v. District of Columbia,* 846 F. Supp. 2d 197, 198–200 (D.D.C. 2012); *D.D. ex*

*rel. Davis v. District of Columbia,* 470 F. Supp. 2d 1, 1–3 (D.D.C. 2007).  The Court may "accept, reject, or modify" the magistrate judge's recommendation.  Fed. R. Civ. P. 72(b)(3).

Under the IDEA, this Court has the discretion to "award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability" in an administrative proceeding.  20 U.S.C. § 1415(i)(3)(B)(i)(I).  In other words, if the plaintiff seeking attorneys' fees is a prevailing party, the Court must determine whether the attorneys' fees are reasonable.  *Jackson v. District of Columbia,* 696 F. Supp. 2d 97, 101 (D.D.C. 2010).  Courts typically determine the reasonableness of attorneys' fees based on the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id.*, quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

The plaintiff bears the burden of establishing both the reasonableness of the hourly rate and the reasonableness of the number of hours spent on a particular task.  *In re North,* 59 F.3d 184, 189 (D.C. Cir. 1995).  To show the reasonableness of the hourly rates, the plaintiff "must submit evidence on at least three fronts: 'the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community.'"  *Jackson,* 696 F. Supp. 2d at 101, quoting *Covington,* 57 F.3d at 1107.  To show the reasonableness of hours spent on a task, the plaintiff may submit an "invoice that is sufficiently detailed to 'permit the District Court to make an independent determination whether or not the hours claimed are justified.'"  *Holbrook v. District of Columbia,* 305 F. Supp. 2d 41, 45 (D.D.C. 2004), quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982).

## III. DISCUSSION

It is undisputed that plaintiffs were the prevailing parties in the underlying administrative proceeding. Mem. of Points and Authorities in Opp. to Pls.' Mot. for Summ. J. ("Def.'s Opp.") [Dkt. # 13] at 1. Since the only question before the Court, then, is the amount of fees and costs that should be awarded, the motion for summary judgment is, for all intents and purposes, a motion for attorneys' fees and costs. Neither party has objected to the Magistrate Judge's costs determination, so the Court proceeds to decide only whether the amount of attorneys' fees sought by plaintiffs is reasonable. *See* Fed. R. Civ. P. 72(b)(3).

### A. The Hourly Rates

Plaintiffs bear the burden of establishing the reasonableness of the hourly rates charged by their attorneys for services rendered in the underlying proceedings. *In re North*, 59 F.3d at 189. They argue that the *Laffey* Matrix rates should apply as the prevailing market rates for legal fees incurred in connection with IDEA administrative proceedings. Pls.' Mem. at 13–18. Defendant responds that the rates sought by plaintiffs are unreasonable, and that the *Laffey* Matrix, intended for complex federal litigation, is "wholly irrelevant and inapplicable to the relatively simple IDEA administrative case at bar." Def.'s Opp at 1, 4. Defendant argues that instead of the *Laffey* rates, the lower DCPS Fee Guidelines rates should apply to the fee submission. *Id.* at 11–12.

In this court, there has not been a unified approach to the proper rates for attorneys' fees in IDEA cases, and there is authority that would support a range of approaches. In discounting the *Laffey* Matrix rates by 25%, the Magistrate Judge followed the approach taken in *Rooths*, 802 F. Supp. 2d at 56. *See* Report at 12. In *Rooths*, the court treated the *Laffey* rates as a

"presumptive maximum" for federal litigators' services in the District of Columbia.[8] *Id.* at 61–62. Because it found that the IDEA litigation for which the plaintiff sought reimbursement did "not much resemble the sort of complicated cases in which a plaintiffs' counsel is appropriately awarded fees at the maximum allowable rate," it held that the fees awarded to the plaintiff should be calculated at only three-quarters of the applicable *Laffey* rate. *Id.* at 62–63. The court stated that "[l]ike most IDEA cases, the claim on which the plaintiff prevailed in this action involved very simple facts, little evidence, and no novel or complicated questions of law." *Id.* at 63.

Other courts in this District, however, "ha[ve] rejected the suggestion that IDEA administrative litigation is categorically less complex than other forms of litigation, and reaffirm[ed] that IDEA cases are sufficiently complex to allow application of the *Laffey* Matrix." *Irving v. District of Columbia*, 815 F. Supp. 2d 119, 129 (D.D.C. 2011), citing *Jackson*, 696 F. Supp. 2d at 102; *see, e.g., Bucher v. District of Columbia,* 777 F. Supp. 2d 69, 74–75 (D.D.C. 2011); *Jackson*, 696 F. Supp. 2d at 102 (collecting cases showing that "numerous judges in this district have applied *Laffey* rates in the context of fee awards arising out of IDEA administrative proceedings"). Those cases hold that IDEA litigation is sufficiently complex to warrant full *Laffey* rates for such reasons as it requires "testimony from education experts regarding whether a student has been denied a free and public education," *Jackson*, 696 F. Supp. 2d at 102, and counsel must "understand the bureaucratic workings of [the DCPS]," *Cox v. District of Columbia*, 754 F. Supp. 2d 66, 76 (D.D.C. 2010).

---

8   The plaintiffs in *Rooths* sought reimbursement at the rates provided in an "enhanced" *Laffey* Matrix that increases the *Laffey* rates based on national statistics. *Rooths*, 802 F. Supp. 2d at 61. The *Rooths* court declined to apply that matrix. *Id.* at 61–62. Plaintiffs have not presented the enhanced matrix as evidence of the prevailing rates for its attorneys' services here, so this Court will not opine on whether its use would be appropriate in this case or any other.

In accordance with those decisions, this Court will exercise its discretion to apply the rates that plaintiffs requested, which are equal to the *Laffey* Matrix rates for 2009-2010.[9] The Report analyzed the state of the law on this issue thoroughly and fairly, and this opinion should not be misinterpreted as a ruling that the full *Laffey* rates will be appropriate in every IDEA case. Rather, this Court is rejecting the recommendation that the *Laffey* rates should be reduced here "to account for the relative brevity and lack of complexity of the underlying proceedings." Report at 12.

First, the "brevity" of the proceedings is reflected in the number of hours claimed. Since the total fee amount is determined by multiplying the number of hours expended by the rate, reducing the *Laffey* rates because of the brevity of the proceedings would account for the length of the proceedings twice.

Second, the Court finds that the "complexity" of the IDEA proceedings was understated in the Report. Administrative litigation of this type requires not only knowledge of law, procedure, and trial advocacy, but also an understanding of the educational needs of students and the services necessary to address a range of developmental, emotional, and language-based disorders. *See, e.g.*, *Jackson*, 696 F. Supp. 2d at 102 (collecting cases describing the complexity of IDEA litigation). Moreover, the attorneys' work for the administrative proceedings in this case involved the selection and introduction of twenty-eight documents in evidence, and the response to the more than twenty documents offered by the defense. *See* Ex. G to Pls.' Mot. at 3–4. Plaintiffs' attorneys attended two prehearing conferences, filed a partial motion for summary judgment, and represented plaintiffs at a six-hour administrative hearing, during which

---

9   To the extent some discount is desirable, that has already been accomplished by plaintiffs' counsels' decision to bill at the 2009-2010 rates instead of the 2010-2011 rates, which would apply to work performed after June 1, 2010. Ex. H to Pls.' Mot.; *Laffey* Matrix.

they presented five witnesses, including one expert witness, and cross-examined a defense witness. *Id.* at 2–4. When considered in connection with the subject matter involved, this set of proceedings was sufficiently complex to warrant the application of the full *Laffey* rates.

While there may be circumstances in particular cases that warrant a reduction in the *Laffey* rates, *see, e.g.*, *Rapu v. DCPS*, 793 F. Supp. 2d 419, 426 (D.D.C. 2011) (reducing *Laffey* rate by 20% due to "plaintiff's complete failure to demonstrate [attorney's] experience, skill or reputation"); *Jackson*, 696 F. Supp. 2d at 104–06 (reducing *Laffey* rate by 25% for failure to provide evidence to establish the reasonableness of the fee sought), this record does not provide grounds for discounting the rates of the two attorneys that represented plaintiffs.

### B. The Hours Expended

Plaintiffs also bear the burden of establishing the reasonableness of the number of hours their attorneys spent on particular tasks. Defendant argues that 3.17 hours invoiced by Ms. Hecht as preparation for and participation in a September 14, 2010 settlement conference must be excluded from the fees awarded to plaintiffs because the conference was actually a "resolution meeting" that is not compensable under the IDEA. Def.'s Objections at 2, citing 20 U.S.C. § 1415(i)(3)(D)(iii); *D.D. ex. rel. Davis v. District of Columbia*, 470 F. Supp. 2d 1, 2 (D.D.C. 2007). To support its position, defendant cites plaintiffs' motion for summary judgment, in which plaintiffs' attorneys refer to the meeting on September 14, 2010 as a "Resolution Meeting." Def.'s Objections at 1–2, citing Ex. E to Pls.' Mot. (pointing to plaintiffs' attorneys statement that: "To the contrary, during the Resolution Meeting that took place on September 14, 2010"), as well as the invoice plaintiffs submitted, Ex. H to Pls.' Mot. at 93.

A close reading of the invoice reveals that Ms. Hecht's time was billed for five separate events on September 14:

- Preparation for a settlement conference, including reviewing materials and calling plaintiff Debnam (1 hr.);

- A settlement conference attended by the attorneys for both sides, the parent, and Ms. Debnam (2.17 hrs.);

- A telephone conference with both plaintiffs following the settlement negotiations to ensure that they understood the proceedings, and to determine next steps;

- A "pre-hearing conference" attended by the attorneys as well as the hearing officer (1 hr.); and

- Time spent reading and evaluating the opposition to the complaint filed during the settlement meeting (2 hrs.).

*Id.* at 92–93. Only the first two events are at issue.

Under the IDEA, attorneys' fees incurred for "preliminary meetings" – defined in 20 U.S.C. § 1415(f)(1)(B)(i) as pre-litigation meetings between the local educational agency, the parents, and relevant members of the IEP team at which the local educational agency "is provided the opportunity to resolve the complaint" – are not compensable. 20 U.S.C. § 1415(i)(3)(D)(iii).

The Court finds that the settlement conference meets the statutory definition of a "preliminary meeting." The notes on the invoice reveal that the attorneys, the parent, and Ms. Debnam (the parent's advocate) were all present at the meeting, and that settlement options were discussed. Ex. H to Pls.' Mot. at 93. It also appears that the meeting occurred prior to the September 14 prehearing conference, and it certainly occurred prior to the October 6 prehearing conference and the November 4 hearing.[10] *Id.*; Ex. G to Pls.' Mot. at 70–71. Accordingly,

---

10    The Court notes that the order in which these events appear on the invoice is jumbled, which makes it difficult to piece together a chronology. However, it appears that the events of September 14 are listed on the invoice in reverse chronological order, so the settlement conference occurred before the prehearing conference.

plaintiffs is not entitled to the 2.17 hours billed for Ms. Hecht's participation in the settlement conference.

However, the Court agrees with the Magistrate Judge that there is no authority for the proposition that time spent preparing for a settlement conference should be excluded from an award of fees. Report at 13. These services do not fall within the category of "preliminary meetings" and defendant offers no evidence that they fall within any other category for which the Court is barred from awarding fees. *See* 20 U.S.C. § 1415(i)(3)(D).

Accordingly, the Court will award attorneys' fees for all of the hours claimed except for the 2.17 hours of Ms. Hecht's time that was billed for her participation in a September 14, 2010 settlement conference.

## IV. CONCLUSION

Based on the Court's review of the Magistrate Judge's Report and Recommendation, the parties' objections, and the Administrative Record, the Court will grant in part plaintiffs' motion for summary judgment. The Magistrate Judge's Report will be adopted to the extent that it recommends denying declaratory relief and awarding costs in the amount of $5.55. The remaining recommendations in the Report will be rejected.

Accordingly, the Court will award attorneys' fees at the rates requested by plaintiffs for all of the time billed by Ms. Hecht and Ms. Neloms, except for 2.17 hours of Ms. Hecht's time. The applicable rates are $270 per hour for Ms. Hecht's services and $330 per hour for Ms. Neloms's services. The Court will also award costs in the amount of $5.55.

The Court will also require the parties to submit a statement on or before October 12, 2012, setting out their joint position (or if they cannot agree, their separate positions) on the following issues: (1) the total amount owed to plaintiffs for costs and fees, with attorneys' fees calculated in accordance with the rates and hours set forth in this Memorandum Opinion; (2) the amount defendant has already paid to plaintiffs in costs and fees; and (3) the balance that this Court should therefore award to plaintiffs for their outstanding costs and fees in accordance with this decision.

A separate order will issue.

/s/ Amy B. Jackson
_____
AMY BERMAN JACKSON
United States District Judge

DATE: September 28, 2012